Marc Van Der Hout (California Bar # 80778)
Christine Brigagliano (California Bar # 107614)
Beth Feinberg (California Bar # 240857)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiffs
Babak RAZAVI
Melissa GIBSON

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Babak RAZAVI<br>Melissa GIBSON<br><br>Plaintiffs,<br><br>v.<br><br>Frank SICILIANO, in his Official Capacity, Officer in Charge, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, San Jose, California; Rosemary MELVILLE, in her Official Capacity, District Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, San Francisco, California; Emilio T. GONZALEZ, in his Official Capacity, Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Michael CHERTOFF, in his Official Capacity, Secretary, U.S. Department of Homeland Security; Alberto R. GONZALES, in his Official Capacity, U.S. Attorney General, U.S. Department of Justice; and Robert S. MUELLER, III, in his Official Capacity, Director, Federal Bureau of Investigation<br><br>Defendants. | Case No. _____<br><br>**Petition for Writ of Mandamus**<br><br>Immigration Case, Administrative Procedure Act Case<br><br>Agency No.: A96-383-889 |

C 07 4750 JF RS

Petition for Writ of Mandamus                                               No. _____

## INTRODUCTION

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act.

2. This action seeks to compel the Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), to adjudicate in an expedited manner the Petition for Alien Relative (Form I-130) ("I-130 visa petition"), filed by Plaintiff Melissa GIBSON ("Plaintiff Gibson") on behalf of her husband, Plaintiff Babak RAZAVI ("Plaintiff Razavi"), and Plaintiff Razavi's concurrently-filed Application to Adjust Status (Form I-485) ("AOS application"). See Declaration of Christine Brigagliano ("Brigagliano Dec.") at Exhibit ("Exh.") D. Both the I-130 visa petition and the AOS application were properly filed on or about October 6, 2003. The I-130 visa petition forms the basis for Plaintiff Razavi's eligibility for permanent residence, pursuant to 8 C.F.R. § 245.2(a)(2). The I-130 visa petition and AOS application have now been pending for almost four years.

3. On February 4, 2004, Plaintiffs Razavi and Gibson were interviewed at the San Jose USCIS District Office by Officer Possentini. Id. at Exh. G. Plaintiffs were told that their application would be adjudicated as soon as Plaintiff Razavi's name check was completed. Id. Since that time, Plaintiffs have diligently made repeated status inquiries but, to their knowledge, no action has been taken on the I-130 visa petition or the AOS application. Id. at Exhs. H, I.

4. According to the USCIS website, as of August 15, 2007, the agency's current processing time for AOS applications is six months. Id. at Exh. I. Although Plaintiff Razavi is eligible for adjustment of status, and has submitted all required and requested

documentation, the adjudication of his AOS application lags approximately three and a half years behind normal processing time. The delay in adjudication is unreasonable and unlawful. Thus, Plaintiffs file this writ for mandamus action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

6. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in San Jose, California, in the Northern District of California; and because Plaintiffs reside in the Northern District of California and there is no real property involved in this action.

## INTRADISTRICT ASSIGNMENT

7. This action should be assigned to the San Jose Division because a substantial part of the events and omissions giving rise to this claim occurred within the jurisdiction of that division, and because Plaintiffs reside in that division. See Local Rules 3-2(c), (d).

//
//
//

Petition for Writ of Mandamus        2        No. _____

# PARTIES

8. Plaintiff Babak RAZAVI is a native and citizen of Iran. He resides in San Jose, California with his wife, Plaintiff Melissa Gibson, who is a citizen of the United States. He is an applicant for Adjustment of Status to lawful permanent residence based on a visa petition filed by his U.S. citizen wife, Plaintiff Gibson, who he married on August 21, 2003. See 8 U.S.C. §§ 1151(b)(2)(A)(i), 1255(a).

9. Plaintiff Melissa GIBSON is a United States citizen by birth. She resides in San Jose, California with her husband, Plaintiff Babak Razavi. She filed an I-130 visa petition on Plaintiff Razavi's behalf on or about October 6, 2003, concurrently with Plaintiff Razavi's AOS application.

10. Defendant Frank SICILIANO is the Officer in Charge of the San Jose, California sub-office of the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, and is sued herein in his official capacity. See 8 C.F.R. §§ 2.1, 103.1.

11. Defendant Rosemary MELVILLE is the District Director of the San Francisco District Office of the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, and is sued herein in her official capacity. The San Francisco District Office oversees the adjudication of applications within the USCIS sub-offices of San Jose, Sacramento, and Fresno.

12. Defendant Emilio GONZALEZ is the Director of U.S. Citizenship and Immigration Services, and is sued herein in his official capacity. See 8 C.F.R. §§ 2.1, 103.1.

13. Defendant Michael CHERTOFF is the Secretary of the U.S. Department of Homeland Security, and is sued herein in his official capacity. In this capacity, he has

1  responsibility for the administration and enforcement of the immigration and

2  naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107

3  Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103.

4      14. Defendant Alberto R. GONZALES is the Attorney General of the Department of

5  Justice, and is sued herein in his official capacity. In this capacity, he has responsibility for

6  providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1103(g),

7  1105(b).

8      15. Defendant Robert S. MUELLER, III is the Director of the Federal Bureau of

9  Investigation, and is sued herein in his official capacity. In this capacity, he has responsibility

10  for maintaining and providing access to criminal history record information.

### FACTUAL ALLEGATIONS

    16. Plaintiffs bring this action to compel USCIS to adjudicate Plaintiff Gibson's I-130 visa petition and Plaintiff Razavi's concurrently-filed AOS application, which have been pending for almost four years. See Brigagliano Dec. at Exh. D.

    17. Plaintiff Razavi is eligible to adjust his status to that of a lawful permanent resident based on the I-130 visa petition that his United States citizen wife, Plaintiff Gibson, filed on his behalf. Id.; see also 8 U.S.C. § 1154(a)(1)(A)(i) (immediate relative petitioning procedure); 8 U.S.C. § 1255(a) (adjustment of status application procedure); 8 C.F.R. § 1245.2(a)(2) (permitting concurrently-filed AOS applications and I-130 visa petitions).

    18. Plaintiff Razavi is a 34-year-old native and citizen of Iran. See Brigagliano Dec. at ¶ 2; Exh. D. He first entered the United States on August 10, 1999 in F-1 status to enroll in a Master's Degree Program in Electrical Engineering at Pennsylvania State

Petition for Writ of Mandamus      4      No. _____

University. Id. at Exh. A. Plaintiff Razavi graduated from Pennsylvania State University with a Master's Degree in Electrical Engineering in May, 2001. Id. at ¶ 2. He has been lawfully employed in his occupational field with Actel Corporation since August 1, 2001. Id.

19. On November 20, 2002 Plaintiff complied with the new federal law requiring citizens of Iran to appear for "Special Call-in Registration." Id. at Exh. B.

20. Plaintiff Razavi married Plaintiff Melissa Gibson on August 21, 2003 in St. Petersburg, Florida. Id. at Exh. C. They have two children: Julian James Razavi, born September 29, 2004, and Lauren Soraya Razavi born February 17, 2007, both of whom are U.S. citizens by birth. Id.

21. On or about October 6, 2003, Plaintiff Gibson filed an I-130 Visa Petition on behalf of Plaintiff Razavi, and Plaintiff Razavi concurrently filed an AOS application. Id. at Exh. D. Plaintiff Razavi was granted both employment and travel authorization on October 20, 2003. Id. at Exh. E. On October 21, 2003, USCIS records indicate that an I-181 Record of Lawful Permanent Residence was created by DHS for Plaintiff Razavi. Id.

22. According to FBI responses to Congressional status inquiries regarding Plaintiff Razavi's case, the FBI received a request from USCIS to conduct a name check for Plaintiff Razavi on October 30, 2003. Id. at Exh. H.

23. On December 30, 2003, the U.S. Department of Commerce Bureau of Industry and Security granted Actel Corporation an export license on Plaintiff Razavi's behalf, permitting him to work in a sensitive technology field after concluding its background investigation. Id. at Exh. F.

24. On February 4, 2004, Plaintiffs were interviewed at the USCIS San Jose District Office by Examiner Possentini. Id. at Exh. G. At that time, they were told that

no further documentation was required, and that the application would be adjudicated pending completion of the background check. Id.

25. Plaintiff Razavi has made numerous inquiries into the status of his AOS application. On October 12, 2006, at Plaintiff Razavi's request, Senator Barbara Boxer's office sent a facsimile inquiry to the FBI, inquiring as to the status of Plaintiff Razavi's name check. Id. at Exh. H. On November 16, 2006, the FBI responded via email to Senator Boxer's office, stating that USCIS submitted a request for a name check for Plaintiff Razavi on October 20, 2003, but that that Plaintiff Razavi's name check was still pending. Id. At approximately the same time, the FBI similarly responded to a status inquiry by Representative Zoe Lofgren, again stating that the FBI name check was requested by USCIS on October 20, 2003, but was still pending in Plaintiff Razavi's case. Id.

26. On March 13, 2007, Plaintiff Razavi contacted USCIS to inquire as to the status of his AOS application, which had by then been pending for over three and a half years. Id. at Exh. I. That same day, USCIS issued a response, stating that procesing of Plaintiff Razavi's AOS application "has been delayed" pending the name check. Id.

27. On June 8, 2007, Plaintiff Razavi received another response from USCIS to a subsequent status inquiry. Id. Again, USCIS stated the processing of his case was delayed pending the name check. Id.

28. According to the USCIS website, as of August 15, 2007, the agency's processing timeframe for AOS applications, such as Plaintiff Razavi's, is six months. Id. at Exh. J. Although Plaintiff Razavi is eligible to adjust his status to lawful permanent resident and has submitted all required and requested documentation, the adjudication of

his AOS application lags approximately three and a half years behind normal processing time.

29. Plaintiffs have exhausted all available administrative remedies.

## CAUSES OF ACTION

30. Paragraphs 1 through 29 are incorporated herein.

31. Any citizen of the United States claiming that an alien is entitled to classification by reason of, inter alia, an immediate relative status under 8 U.S.C. § 1151(b)(2)(A)(i) may file a petition for such classification. See 8 U.S.C. § 1154(a)(1)(A)(i). Thereafter, if it is determined that the facts stated in the petition are true and that the alien on behalf of whom the petition is made is an immediate relative, as specified in section 8 U.S.C. § 1151(b), he or she shall approve the petition and forward one copy to the Department of State ("DOS"). See 8 U.S.C. § 1154(b). Where a visa is immediately available to the alien beneficiary, USCIS regulations permit the applicant to file an AOS application concurrently with an immediate relative visa petition. See 8 C.F.R. § 245.2(a)(2). Immigrant visas are immediately available to the spouses of United States citizens. See 8 U.S.C. § 1151(b)(2). Accordingly, in this case, the I-130 visa petition that Plaintiff Gibson filed on Plaintiff Razavi's behalf would not have been forwarded to DOS upon approval, but would have been retained by the local USCIS office where the AOS is concurrently filed. See 8 C.F.R. § 245.2(a)(3).

32. Plaintiff Razavi is the spouse of a United States citizen, Plaintiff Gibson, and is therefore immediately eligible to be accorded immigrant status. He entered the United Status legally as a student and was inspected upon admission; he is thus eligible to adjust his status in the United States to the status of a lawful permanent resident. See 8 U.S.C. §§ 1151(b)(2)(A)(i), 1255(a).

33. On or about October 6, 2003, Plaintiff Gibson filed an I-130 visa petition and Plaintiff Razavi concurrently filed an AOS application and an I-130 visa petition, with filing fees and supporting documentation, with the San Jose USCIS District Office. See Brigagliano Dec. at Exh. D. The San Jose District Office of USCIS is currently processing similar applications that were filed in approximately March 2007. Id. at Exh. J.

34. Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act. Donovan v. United States, 580 F.2d 1203, 1208 (3d Cir. 1978).

35. Defendants have a duty to act upon the petition and application and have failed to do so in a reasonable time or manner. See, e.g., Patel v. Reno, 134 F.3d 929 (9th Cir. 1997). They have failed to adjudicate Plaintiff Gibson's I-130 visa petition, which she filed on behalf of Plaintiff Razavi, and Plaintiff Razavi's immediate relative AOS application. Defendants have thus violated the Immigration and Nationality Act.

36. In addition, Defendants have violated the Administrative Procedures Act, which provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

37. Plaintiffs have exhausted all other available remedies. They have "no other adequate means to attain the relief [they] desire[]." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Their right to issuance of the writ is therefore "clear and indisputable." Id.

//

//

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order that USCIS adjudicate Plaintiff Gibson's Petition for Alien Relative (Form I-130);

(3) Order that USCIS adjudicate Plaintiff Razavi's Application to Adjust Status (Form I-485);

(4) Award reasonable costs and attorneys' fees; and

(5) Grant such further relief as the Court deems just and proper.

Dated: September 13, 2007                Respectfully submitted,

Marc Van Der Hout
Christine Brigagliano
Beth Feinberg
Van Der Hout, Brigagliano &
Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiffs

By: /s/ Christine Brigagliano
    Christine Brigagliano