SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
MELANIE L. PROCTOR, CSBN 228971
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BABAK RAZAVI, MELISSA GIBSON, <br><br> Plaintiffs, <br><br> v. <br><br> FRANK SICILIANO, in his Official Capacity, Officer in Charge, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, San Jose, California, *et al.*, <br><br> Defendants. | No. C 07-4750 JF <br><br> ANSWER |

    The Defendants hereby submit their answer to Plaintiffs' Petition for Writ of Mandamus.

**INTRODUCTION**

    1. Paragraph One consists of Plaintiffs' characterizations of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants deny the allegations therein.

    2. The first sentence in Paragraph Two consists of Plaintiffs' characterizations of this action for which no answer is necessary. Defendants admit the remaining allegations in this paragraph.

    3. Defendants admit the first sentence in Paragraph Three; however, Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis, deny them.

1  4. Defendants deny the allegations in Paragraph Four.

## JURISDICTION AND VENUE

5. Paragraph Five consists of Plaintiffs' allegations regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph Five.

6. Paragraph Six consists of Plaintiffs' allegations regarding venue, to which no responsive pleading is required. Defendants aver that unless specifically provided by law, aliens have no residence in the United States for venue purposes.

## INTRADISTRICT ASSIGNMENT

7. Paragraph Seven consists of Plaintiffs' allegations regarding intradistrict assignment, to which no responsive pleading is required.

## PARTIES

8. Defendants admit the first sentence in Paragraph Eight; however, Defendants are without sufficient information to admit or deny Plaintiffs' residence, and on that basis, deny the first part of the second sentence. Defendants admit the remaining allegations in Paragraph Eight.

9. Defendants admit the first sentence in Paragraph Nine. Defendants are without sufficient information to admit or deny Plaintiffs' residence, and on that basis, deny the second sentence. Defendants admit the remaining allegations in Paragraph Nine.

10. Defendants admit the allegations in Paragraph Ten.

11. Defendants admit the allegations in Paragraph Eleven.

12. Defendants admit the allegations in Paragraph Twelve.

13. Defendants admit the allegations in Paragraph Thirteen.

14. Defendants deny the allegations in Paragraph Fourteen.

15. Defendants admit the allegations in Paragraph Fifteen.

## FACTUAL ALLEGATIONS

16. Paragraph Sixteen consists of Plaintiffs' characterizations of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants deny the allegations therein.

17. Defendants are without sufficient information to admit or deny the allegations in Paragraph Seventeen, and on that basis, deny them.

18. Defendants admit the allegations in Paragraph Eighteen.

19. Defendants admit the allegations in Paragraph Nineteen.

20. Defendants admit the first sentence in Paragraph Twenty; however, Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis, deny them.

21. Defendants deny the first sentence in Paragraph Twenty-One. Defendants admit the second sentence. Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.

22. Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty-Two, and on that basis, deny them.

23. Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty-Three, and on that basis, deny them.

24. Defendants admit the allegations in Paragraph Twenty-Four.

25. Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty-Five, and on that basis, deny them.

26. Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty-Six, and on that basis, deny them.

27. Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty-Seven, and on that basis, deny them.

28. Defendants deny the allegations in Paragraph Twenty-Eight.

29. Defendants deny the allegations in Paragraph Twenty-Nine.

## CAUSES OF ACTION

30. Defendants re-allege and incorporate by reference the answers to the allegations set forth in Paragraphs One through Twenty-Nine, inclusive, as though fully set forth herein

31. Paragraph Thirty-One consists of Plaintiffs' characterizations of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants deny

1  the allegations therein.

2   32.  Defendants are without sufficient information to admit or deny the allegations regarding Plaintiff Razavi's eligibility for the status he seeks, and on that basis, deny the allegations.

4   33. Defendants admit the allegations in Paragraph Thirty-Three with the exception that Plaintiffs' applications were filed on September 29, 2003.

6   34.  Paragraph Thirty-Four consists of Plaintiffs' characterizations of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants deny the allegations therein.

9   35.  Paragraph Thirty-Five consists of Plaintiffs' characterizations of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants deny the allegations therein.

12   36. Defendants deny the allegations in Paragraph Thirty-Six.

13   37. Defendants deny the allegations in Paragraph Thirty-Seven.

**PRAYER FOR RELIEF**

The remaining allegations consists of Plaintiffs' prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny these paragraphs.

**AFFIRMATIVE AND/OR OTHER DEFENSES**

All allegations not here before specifically admitted, denied, or modified are hereby denied. For further and separate answer, Defendants allege as follows:

FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action

SECOND DEFENSE

The Petition fails to state a claim against the Defendants upon which relief can be granted.

THIRD DEFENSE

No acts or omissions by the United States or its employees were the proximate cause of any injury or damages to the Plaintiffs.

///

## FOURTH DEFENSE

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

## FIFTH DEFENSE

The Defendants are processing the applications referred to in the Petition to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiffs, dismissing Plaintiffs' Petition with prejudice; that Plaintiffs take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: November 16, 2007            Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

           /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants